## JOSHUA F. BELL v. THOMAS H. BELL.

**Trustees.**

> Trustees have a right to petition the chancellor to define their powers.

**Right of a Party—Jurisdiction.**

> A person having an interest in property, not denied by any one, has no right to come into a court of equity to have the extent of his interest in and power of the estate defended by judgment, and in such a case the court has no jurisdiction to enter judgment.

• APPEAL FROM BOYLE COURT OF COMMON PLEAS.

January 23, 1878.

OPINION BY JUDGE COFER:

The four children of Mrs. Bell have divided the estate devised to them, and each is in the enjoyment of his or her share in severalty. It is not alleged that either is asserting any claim to the share thus held by another, or that any right, power or privilege, to which the plaintiff below claims to be entitled under the will, is being infringed or even questioned by any one. The sole reason for appealing to the court seems to be to obtain the court's opinion as to the extent of his interest in the land, and his power to sell it and pass the title.

Trustees have a right to ask the chancellor to define their powers, and to aid and direct them in the execution of the trust, but we are not aware of any rule of equity practice which entitles one holding an individual and personal interest in property to come into a court of equity to have the extent of his interest in and power over the estate defined by a judgment. There is no difference in this respect between an estate held under a will and one held under a deed, and if the court has power in this case without even a suggestion that any one is disputing any right claimed by the plaintiff, then every individual who doubts the validity of his own title, or wishes to have it strengthened by the opinion of the chancellor, may come into court for the purpose. But a judgment in such a case possesses no value as a judgment, it binds no one, and therefore should not be rendered.

Except in the case of trustees, courts of chancery have no advisory powers or jurisdiction. They can only act upon conflicting claims and interests, when presented between conflicting claimants, and cannot give to individuals aid or advice in respect to their personal interests and affairs. The questions passed upon by the court below may never arise, and until they do the plaintiff below must act upon the advice of his counsel. If a sale of the land is desired, and it is necessary, in order to obtain a purchaser who will buy it at a fair price, to have the title assured by a judgment of the chancellor, a suit may be brought to sell it, and all persons who, under any possible construction of the will, may in any contingency become interested in it, being made parties, such a judgment could no doubt be had. But on the record as it now stands, there are no issues, and the judgment would not conclude the questions passed upon by the court.

Judgment *reversed,* and case remanded with directions to dismiss the petition.

· *John Cowan, for appellant.   Vanwinkle & Rodes, for appellee.*